Case 1:21-cv-00068   Document 18   Filed on 12/10/21 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
December 10, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SANDRA SANCHEZ-MARIN, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:21-cv-68 |
| | § | CRIM. ACTION NO. 1:19-89-1 |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On May 11, 2021, Petitioner Sandra Sanchez-Marin filed a motion to vacate, set aside or correct her sentence pursuant to 42 U.S.C. § 2255. Dkt. No. 1.

The Government has moved to dismiss the petition as untimely filed. Dkt. No. 14. The Court ordered Sanchez-Marin to provide additional evidence regarding the timeliness of her petition. Dkt. No. 15. Sanchez-Marin failed to respond.

After reviewing the record and the relevant case law, the Court recommends that Sanchez-Marin's petition be denied. In sum, Sanchez-Marin's petition is untimely filed.

### I. Background

    **A. Factual Background**

        **1. Indictment & Guilty Plea**

On February 5, 2019, the grand jury indicted Sanchez-Marin in a four-count indictment alleging: (1) conspiracy to possess with intent to distribute methamphetamines; (2) possession with the intent to distribute methamphetamines; (3) conspiracy to import methamphetamines; and (4) importation of methamphetamines, violations of 21 U.S.C. § 841(a)(1), 841(b)(1)(B), 846, 952(a), 960(b)(1) & 963. U.S. v. Sanchez-Marin, Criminal No. 1:19-89-1, Dkt. No. 9 [hereinafter CR].

On May 23, 2019, Sanchez-Marin pled guilty to count 3, conspiracy to import methamphetamines, but did not enter into a plea agreement with the Government. CR Dkt. No. 41.

1

## 2. Presentence Report

In the final presentence report ("PSR"), Sanchez-Marin was assessed a base offense level of 38, because her relevant conduct was evaluated to equate to 721,700.18 kilograms of marihuana. CR Dkt. No. 26, pp. 6-7.  Sanchez-Marin's relevant conduct encompassed both methamphetamines and d-methamphetamine hydrochloride, also known as "ice." CR Dkt. No. 26, pp. 4-6.  When a defendant's relevant conduct in a drug case encompasses substances other than marihuana, those substances are converted to an equivalent weight of marihuana, which is then used to calculate the base offense level. U.S.S.G. § 1B1.1. This resulted in a base offense level of 38. Id., pp. 6-7.  Sanchez-Marin was assessed a two-level enhancement because her actions involved the importation of methamphetamine. Id., p. 7.  She did receive a three-level reduction for acceptance of responsibility. Id.  This resulted in a total offense level of 37. Id.

Regarding her criminal history, Sanchez-Marin had no adult criminal convictions and was assessed zero criminal history points, resulting in a criminal history category of I. CR Dkt. No. 26, pp. 7-8.  An offense level of 37 and criminal history category of I, produced a sentencing guideline imprisonment range of 210 to 262 months.

## 3. Sentencing

Sanchez-Marin timely objected to the PSR, arguing that she should receive a four-level reduction because she was only a minor participant in the conspiracy and that she should receive a two-level reduction for safety valve, pursuant to U.S.S.G. § 5C1.2(a)(5). CR Dkt. No. 25.

At sentencing, the Court overruled the objection that Sanchez-Marin was only a minor participant in the conspiracy. CR Dkt. No. 43, p. 8.  It did grant the objection regarding safety valve, granting a two-level reduction. Id., p. 10.  This fact resulted in a total offense level of 35 and a criminal history category of I, with a guideline sentencing range of 168 to 210 months. Id., p. 9.  The Court further granted a downward variance, based upon "the absence of any criminal history," as well as for Sanchez-Marin's cooperation with the Government. Id., pp. 13-14.

On November 21, 2019, the Court sentenced Sanchez-Marin to 120 months imprisonment, and five years of supervised release. CR Dkt. No. 32. Judgment was entered on November 26, 2019. Id.

Neither the District Court docket, nor the Fifth Circuit docket, reflect the filing of a direct appeal. A notice of appeal must be filed within 14 days from the entry of judgment. Fed. R. App. P. 4(b)(1)(A)(I), 26(a)(2). Thus, Sanchez-Marin's deadline for filing a notice of appeal passed on December 10, 2019, without an appeal being filed.

**B. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255**

On May 11, 2021, more than a year after her judgment became final, Sanchez-Marin filed the instant § 2255 motion, requesting that the District Court vacate, set aside, or correct her sentence. Dkt. No. 1. While her petition was not entered into the docket until May 11, 2021, she declared under penalty of perjury that she placed it in the prison mailing system on October 2, 2020. Dkt. No. 1, p. 12.

Sanchez-Marin makes four claims: (1) counsel failed to communicate to her the consequences of pleading guilty as opposed to going to trial; (2) counsel failed to conduct an adequate pretrial investigation; (3) counsel failed to attempt to negotiate a more favorable plea agreement; and (4) counsel failed to file a direct appeal, despite being requested to do so. Dkt. No. 1.

On August 11, 2021, the Government filed a motion to dismiss the petition as untimely filed, or alternatively, as meritless. Dkt. No. 14. The Government acknowledged that if Sanchez-Marin placed the petition in the prison mailing system on October 2, 2020, her petition would be timely filed. Id. Sanchez-Marin, however, has the burden of proving when her petition was placed in the system. U.S. v. Duran, 934 F.3d 407, 412 (5th Cir. 2019). The Government alleges that she has not met that burden. Id. The Government further alleges that her claims are substantively meritless. Id.

On October 8, 2021, the Court ordered Sanchez-Marin "provide evidence of her sworn assertion that she placed the petition in the prison mailing system on October 2, 2020." Dkt. No. 15. The Court noted that Sanchez-Marin bore the burden of proving when

she gave her filing to prison officials for mailing. Id. (citing Duran, 934 F.3d 407). Sanchez-Marin was ordered to submit her evidence no later than November 15, 2021. Id.

Sanchez-Marin did not file any additional evidence of when she placed the petition in the prison mailing system.

## II. Applicable Law

### A. Section 2255

Sanchez-Marin seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. As relevant here, that section provides:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Where a § 2255 petitioner exhausts or waives his direct appeal, courts may presume that he was fairly convicted. U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). Generally, a petitioner may not raise on collateral attack issues that he failed to raise on direct appeal, absent a showing of cause and prejudice. Id.

"In a habeas action, federal courts stand willing to review issues of jurisdiction, allegations of substantial constitutional violations, and claims that exceptional circumstances resulted in a fundamental miscarriage of justice." Lawrence v. McCarthy, 344 F.3d 467, 474 (5th Cir. 2003).

### B. Timeliness

As relevant here, the Antiterrorism and Effective Death Penalty Act ("AEDPA"), as it applies to 28 U.S.C. § 2255, imposes a one-year period of limitation from the date on which judgment of conviction becomes final. 28 U.S.C. § 2255 (f)(1). This operates as a statute of limitations, rather than a jurisdictional bar, and is subject to equitable tolling. Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).

4

The doctrine of equitable tolling is reserved for "rare and exceptional circumstances." Id. A petitioner bears the burden of establishing that equitable tolling is appropriate. U.S. v. Petty, 530 F.3d 361, 365 (5th Cir. 2008). The principal application of equitable tolling is where the petitioner has been actively misled about the cause of action or is "prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). Equitable tolling is applicable only where a petitioner has otherwise diligently pursued their claim. Id. at 403.

### III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, where the information available in the record and the clarity of the facts demonstrate a clear absence of entitlement to relief, a hearing is not required. U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992) ("A motion brought under § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief."). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Sanchez-Marin's claims, a basic premise is that allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even applying that standard, neither the record – nor the law – support Sanchez-Marin's claim.

#### A. Timeliness

Sanchez-Marin's § 2255 motion is untimely filed and should be dismissed.

As previously noted, Sanchez-Marin did not file a direct appeal. A notice of appeal must be filed within 14 days from the entry of judgment. Fed. R. App. P. 4(b)(1)(A)(I), 26(a)(2). Sanchez-Marin's deadline for filing a notice of appeal passed on December 10, 2019, without an appeal being filed. Thus, Sanchez-Marin's conviction became final on that date. Clay v. U.S., 537 U.S. 522 (2003).

The statutory deadline began to run when her conviction became final. As relevant here, the one-year deadline to file the instant petition runs from the later of: (1) the date that the conviction becomes final; or (2) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(1)-(4).

As to the former deadline, a prisoner petition is considered to have been filed when it is turned over to prison officials for mailing. Medley v. Thaler, 660 F.3d 833, 835 (5th Cir. 2011). Sanchez-Marin has the burden "to show when [her] pleading was tendered to prison officials for delivery to the court." U.S. v. Duran, 934 F.3d 407, 412 (5th Cir. 2019). The Court may consider both extrinsic evidence of mailing as well as the petitioner's credibility. U.S. v. Craun, 51 F.3d 1043 (5th Cir. 1995).

In this case, Sanchez-Marin alleged, under penalty of perjury, that she tendered her petition to prison officials for mailing on October 2, 2020. Dkt. No. 1, p. 12. The envelope was postmarked May 7, 2021 and it was received by the District Clerk's Office on May 11, 2021. Id., p. 14. Thus, Sanchez-Marin's claim is timely only if she gave the envelope to prison officials in October 2020 and those officials – either intentionally or negligently – held on to the envelope for seven months until May 2021.

When asked to provide proof of her claim, that she turned over her filing to prison officials in October, Sanchez-Marin did not respond. The failure to provide evidence of when her petition was given to prison mailing authorities – such as mail logs or affidavits from other prisoners – can be considered when determining whether a petitioner has met her burden. Duran, 934 F.3d at 413.

Furthermore, the Court notes that Sanchez-Marin's signature on her petition does not resemble her signature on other documents in her criminal case, such as her written waiver of preliminary examination (CR Dkt. No. 5); her written waiver of a detention hearing (CR Dkt. No. 6); her written waiver of speedy trial (CR Dkt. No. 15); or her written waiver of a motions hearing (CR Dkt. No. 21). Her signature was consistent across those documents, but is completely different in her § 2255 petition. This leads the Court to question the credibility of her claim that she placed the petition in the prison mailing system

on October 2, 2020.  The Court also notes that some of the substance of her petition is clearly contrary to the record – she faults her lawyer for having her enter into a plea agreement with the Government when she did not enter into any agreement – which also undercuts the credibility of her claims.

Additionally, there is no evidence in the record of lengthy delays in mailings from Sanchez-Marin's prison.  For example, on June 12, 2021, Sanchez-Marin signed a motion in her criminal case, asking the Court to grant her two days of credit for each day served.  CR Dkt. No. 45.  The envelope was postmarked June 14, 2021, and it was received by the Court on June 21, 2021. Id., p. 2.  Her other filings have reached the Court in a reasonable period of time.  Simply stated, there is no "evidence indicating that processing delays frequently occurred when [she] attempted to mail documents from the prison." Duran, 934 F.3d at 413.

In short, Sanchez-Marin has not met her burden of proving that she placed the petition in the prison mailing system on October 2, 2020.  Accordingly, the Court concludes that she "cannot benefit from the prison mailbox rule." Duran, 934 F.3d at 413.  Thus, Sanchez-Marin's claim is untimely filed under § 2255(f)(1).

Sanchez-Marin's claim is also untimely filed under § 2255(f)(4) – where the statute of limitations runs "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence" -- because she has provided no evidence of when she became aware of the facts underlying her claims.  She has never indicated, for example, when she discovered that her attorney failed to file a requested notice of appeal.  Again, this failure is fatal to her claim. Duran, 934 F.3d at 413.

Moreover, there is no basis for equitable tolling in this case. Equitable tolling requires that Sanchez-Marin pursue her rights diligently. U.S. v. Wheaten, 826 F.3d 843, 851 (5th Cir. 2016).  Sanchez-Marin is required to show that she exercised "reasonable diligence," rather than "maximum feasible diligence." Holland v. Fla., 560 U.S. 631, 653 (2010).  There is no evidence in the record that Sanchez-Marin did anything to diligently pursue her rights within the statutory one-year period to prepare and file her petition.

7

In short, Sanchez-Marin has not demonstrated reasonable diligence; for this reason, the Court does not need to reach the question of whether "rare and exceptional" circumstances are present. U.S. v. Perkins, 481 F. App'x 114, 119 (5th Cir. 2012). Equitable tolling is not warranted in this case.

Accordingly, Sanchez-Marin's petition should be dismissed as untimely filed. Even if the petition is considered on its merits, it fares no better and should be denied.

### B. Consequences of Pleading Guilty

Sanchez-Marin alleges that counsel was ineffective for failing to communicate to her the consequences of pleading guilty as opposed to going to trial. This claim is conclusory, contradicted by the record, and meritless.

Sanchez-Marin states that trial counsel told her that he would take the case to trial if she so chose, but advised her that "there's no chance they will win the trial." Dkt. No. 2, p. 4. Sanchez-Marin "wholly relied" on that advice. Id. She alleges that if she had known all of her options, "there is a reasonable probability that she would have opted to [plead] to the indictment without a plea agreement or she would have proceeded to trial had she been properly informed by counsel of the sentencing exposure she faced." Id., pp. 4-5. She stated that she would not have entered into a plea agreement with the Government, but would have pled without one, retaining her right to an appeal. Id., p. 5.

As an initial matter, Sanchez-Marin did plead guilty without a written plea agreement, retaining her right to an appeal. CR Dkt. No. 41. Her claim that, but for her lawyer's advice, she would have pled guilty without a written plea agreement, (i.e., that she had such an agreement) is directly contradicted by the record.

Furthermore, her claim is conclusory. She claims that with the benefit of hindsight, she may have gone to trial. But she does not allege that counsel's advice was deficient in any way. Buyer's remorse is not a basis for ineffective assistance of counsel. Carranza v. U.S., 2015 WL 3952287, at *2 (W.D. Tex. June 29, 2015). This claim is meritless and should be denied.

### C. Pretrial Investigation

Sanchez-Marin alleges that counsel failed to conduct an adequate pretrial investigation. This claim is also conclusory and should be denied.

"A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome." Cox v. Stephens, 602 F. App'x 141, 146 (5th Cir. 2015) (unpubl.) (quoting Nelson v. Hargett, 989 F.2d 847, 850 (5th Cir. 1993)). Sanchez-Marin merely alleges that counsel "failed to research and properly prepare this case," without stating what research should have been done and how it would have changed the outcome. That is not anywhere near enough. This claim should be denied.

### D. More Favorable Plea Agreement

Sanchez-Marin alleges that counsel failed to attempt to negotiate a more favorable plea agreement, forcing her to enter into a written plea agreement with the Government. Dkt. No. 2, pp. 6-7. This claim is contradicted by the record.

As the Court has already noted, Sanchez-Marin did not enter into a written plea agreement with the Government. This claim is contrary to the record and should be denied.

### E. Failure to File Direct Appeal

Sanchez-Marin alleges that counsel failed to file a direct appeal, despite being requested to do so. Dkt. No. 2, p. 7.

Normally, the Court would be required to hold an evidentiary hearing as to whether Sanchez-Marin made such a request. U.S. v. Pena-Garavito, 539 Fed. App'x. 506, 507 (5th Cir. 2013) (unpubl.). At the same time, if the Court finds that the petition was not timely filed, it is not required to hold an evidentiary hearing.

There are at least two cases from the Fifth Circuit with nearly identical facts to this case, where a defendant filed an untimely § 2255 petition alleging that counsel failed to file a requested notice of appeal. Duran, 934 F.3d at 414; U.S. v. Rodriguez, 858 F.3d 960, 962 (5th Cir. 2017). In both cases, the District Court denied the petition as untimely filed without holding an evidentiary hearing. In both cases, the defendant appealed the decision, attacking the District Court's failure to hold the evidentiary hearing. The Fifth Circuit

affirmed both cases, holding that the untimely nature of the petition meant that the court did not abuse its discretion by not holding the hearing. Duran, 934 F.3d at 414; Rodriguez, 858 F.3d at 962. The same should hold true here. Sanchez-Marin's petition is untimely filed and should be dismissed on that basis without an evidentiary hearing. It seems to be clear that the petition was untimely filed.[1]

## IV. Recommendation

It is recommended that the Petitioner Sandra Sanchez-Marin's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be dismissed as untimely filed.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA, because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Sanchez-Marin's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Sanchez-Marin's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a

---

[1] Should the Court find that the petition is timely filed, it should remand the case with instructions to hold an evidentiary hearing.

constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is recommended that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on December 10, 2021.

_____
Ronald G. Morgan
United States Magistrate Judge